IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00007-RM-KLM

JOSE M. APODACA,

      Plaintiff,

v.

CITY OF LAKEWOOD COLORADO (Municipality),
LAKEWOOD POLICE DEPARTMENT,
KEVIN PALETTA, (Chief of Police), in his individual and official capacities,
ZBIGNIEW RICHARD KOSIK, (Police Officer), in his individual and official capacities, and
ALICIA HARRIS, (Police Officer), in her individual and official capacities,

      Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendants City of Lakewood, Colorado (the

"City"), the Lakewood Police Department (the "Police Department"), and Kevin Paletta's

("Chief Paletta") (collectively, "Defendants") **Motion to Dismiss Claims Pursuant to Fed.**

**R. Civ. P. 12(b)(6)** [#43][1] ("Motion").  Plaintiff, proceeding pro se,[2] filed a Response to the

Motion [#53] and Defendants filed a Reply to Plaintiff's Response [#66].  Plaintiff then filed

_____

      [1]  "[#43]" is an example of the convention I use to identify the docket number assigned to
a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I
use this convention throughout this Order.

      [2]  The Court must construe the filings of a pro se litigant liberally.  *See Haines v. Kerner*, 404
U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the
Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual
allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf."
*Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).
In addition, pro se litigants must follow the same procedural rules that govern other litigants.
*Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

a Surreply entitled Response to Motion to Dismiss [#70] ("Surreply").

In addition, numerous other motions are pending before the Court: Plaintiff's **Motion to Compel Information** [#47]; Defendants' **Motion to Stay Discovery** [#50]; Plaintiff's **Motion for Extension of Time to Properly Respond to Motions** [#68]; Plaintiff's **Motion Requesting Court to Direct U.S. Marshal's Office to Serve Summons at Employment for Alicia Harris** [#72]; Plaintiff's **Motion for Leave to Amend Pleadings** [#76]; Plaintiff's **Motions to Strike Motion to Dismiss** [#85, #86]; and Plaintiff's **Motion for Status Update** [#89].

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), these pending Motions have been referred to the undersigned. *See Orders Referring Motions* [#44, #48, #51, #69, #73, #79, #87, #90, #92]. The Court has reviewed the Motions, the Response, the Reply, and Surreply, the relevant law, and the entire case file, and is advised in the premises. For the reasons stated below, the Court **RECOMMENDS** that Defendants' Motion to Dismiss [#43] be **GRANTED** and that, additionally, that all claims against Defendant Harris be **DISMISSED** for lack of service. Further, given the Court's recommendation, the Court **RECOMMENDS** that the Motion for Leave to Amend Pleadings [#76] be **DENIED**, and **DENIES** as moot the Motions to Compel Information [#47], to Stay Discovery [#50], to Direct U.S. Marshal's Office to Serve Summons [#72], to Strike Motion to Dismiss [#85, #86], and for Status Update [#89].[3] Lastly, the Court **GRANTS** Plaintiff's

---

[3] These numerous non-dispositive motions filed subsequent to Defendants' Motion to Dismiss are now moot due to the Court's recommendation. Specifically, Plaintiff's Motion to Compel Information [#47] and Plaintiff's Motion to Direct U.S. Marshal's Office to Serve Summons [#72] are both moot because each of these motions requests relief related to Defendant Harris, who the Court recommends be dismissed from this action for lack of personal jurisdiction. The remainder of the motions are all rendered moot more generally as all of these motions request relief

Case 1:15-cv-00007-RM-STV   Document 93   Filed 02/23/16   USDC Colorado   Page 3 of 16

Motion for Extension of Time [#68] and considers Plaintiff's Surreply [#70] filed after Defendants' Reply.[4]

## I. Background

Plaintiff Jose Apodaca, an inmate in the Sterling Correctional Facility, filed this civil action on January 2, 2015. *See generally Compl.* [#1]. On March 10, 2015, Plaintiff filed a Second Amended Complaint [#12], and, subsequently, was granted leave to file a Third Amended Complaint [#35], which he filed on May 5, 2015.

Plaintiff alleges that he was subjected to excessive force during the course of his arrest on January 5, 2013 by two officers of the Lakewood Police Department, Defendants Kosik and Harris. *Third Am. Compl.* [#35] at ¶ 18. Plaintiff claims that he was forcefully thrown to the ground by Defendant Kosik and, when he was then handcuffed and placed into the officers' police cruiser, Defendant Kosik inflicted a number of injuries on him by striking him on his legs and feet with a police baton. *Id.* at ¶¶ 18-19. Plaintiff states that, although he requested medical attention while he was being arrested and placed in the cruiser, all such requests were disregarded by Defendants Kosik and Harris. *Id.* Plaintiff alleges that as a result he suffered severe injuries on his face, legs, and wrists. *Id.* at ¶ 20.

Plaintiff thus filed this action pursuant to 42 U.S.C. § 1983 alleging the following causes of action: (1) equal protection violations against Defendant Harris in her individual and official capacities; (2) use of excessive force and violation of due process of law

---

related to the pendency of the Motion to Dismiss. *See, e.g.*, *Motion for Status Update* [#89].

[4] Although the filing of surreplies is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules, out of an abundance of fairness to Plaintiff the Court has considered the arguments in his Surreply.

-3-

against Defendant Kosik in his individual and official capacities; (3) deprivation of medical attention and equal protection violations against Defendants Kosik and Harris, in their individual and official capacities; and (4) fiduciary duty violations, due process violations, and equal protection violations against Defendant Kevin Paletta, Chief of Police.[5] *Id.* at ¶¶ 8-12.

## II. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's

---

[5] Although Plaintiff does not identify any specific causes of action against Defendants City of Lakewood and Lakewood Police Department, he appears to assert that these Defendants are liable for all of these causes of action as a result of employing Defendants Kosik, Harris, and Paletta. *See id.* at ¶ 8.

allegations." (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

#### A.    Defendant Harris

Plaintiff first named Defendant Harris in his Second Amended Complaint [#12], alleging that Defendant Harris is a police officer for the City of Lakewood and that her address is: Lakewood Police Dept., 420 Allison Parkway, Lakewood, CO 80226. *Second Am. Compl.* [#12] at 2. When the Court accepted the filing of the Third Amended Complaint, the Court also ordered the United States Marshal's Service to effect service on Defendants because Plaintiff is proceeding *in forma pauperis*. *Minute Order* [#34] at 1; *see Order Granting 28 U.S.C. § 1915 Motion* [#5] at 1. However, on May 11, 2015, the

Summons directed to Defendant Harris was returned unexecuted with a notation that she "is no longer employed with Lakewood Police Department." *Process Receipt and Return* [#40] at 1. The Court then sua sponte issued an Order to Show Cause on May 14, 2015 [#41] ordering that Plaintiff show cause as to why this Court should not recommend that the case against Defendant Harris be dismissed pursuant to Fed. R. Civ. P. 4(m).

On June 1, 2015, Plaintiff responded to the Court's Order to Show Cause stating that "Plaintiff's incarceration prevents him from obtain[in]g or having any access to private information from [Defendant Lakewood Police Department]" and thus requested that the Court provide assistance. *Response to OSC* [#46]. Plaintiff also filed a Motion to Compel Information on the same date, requesting that the Court compel Defendant Lakewood Police Department to provide Defendant Harris' last known address. *Motion to Compel* [#47]. In response, Defendants argue that the Motion to Compel is premature, as no discovery has been conducted in this case nor has the Court set a scheduling conference. *Response to Motion to Compel* [#49] at 2-3. Defendants further argue that even were Plaintiff able to effect service on Defendant Harris, that any claims against her would be subject to dismissal because they were filed after the two-year statute of limitations. *Id.* at 3-4.

The Court agrees with Defendants, and finds that Plaintiff has not established good cause for his failure to provide sufficient information to allow the U.S. Marshals Service to effectuate service of the Third Amended Complaint on Defendant Harris. While Fed. R. Civ. P. 4(c) requires that the Court effect service for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished

decision).  Here, Defendant Harris could not be located at the address provided by Plaintiff, and Plaintiff does not explain whether he undertook *any* effort to locate an address for Defendant Harris.  That is, of course, aside from the numerous motions he has since filed requesting that the Court provide assistance in locating Defendant Harris – requests that were made despite the Court's explanation in its Order to Show Cause that "it is not up to the Clerk of the Court or the United States Marshals Service to search for [defendant's] current address."  *OSC* [#41] (quoting *Karp v. Garrett*, No. 10-cv-02277-CMA-KMT, 2011 WL 5172897, at *6).    Moreover, as Defendants correctly note, Plaintiff first named Defendant Harris in this action when he filed his Second Amended Complaint on March 10, 2015 – after the two-year period of statute of limitations had expired.[6]   *See Riel v. Reed*, 760 F. Supp. 852, 854 (D. Colo. 1991) (actions under 42 U.S.C. § 1983 are governed by Colorado's residual statute of limitations, which provide a two-year period); *see also* Colo. Rev. Stat. § 13-80-102.

Accordingly, for the reasons set forth above, the Court **recommends** that all claims against Defendant Harris be **dismissed without prejudice** for lack of personal jurisdiction. *See Hollander v. Sandoz Pharms. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002)

---

[6]  Moreover, the claims against Defendant Harris in the Second Amended Complaint do not relate back to the filing of the original Complaint.  The Federal Rules of Civil Procedure provide that an amendment relates back to the date of the original pleading when: (A) provided by law; or (B) the amendment "asserts a claim" arising "out of the conduct" set out or attempted to be set out; or (C) the amendment "changes the party or the naming of the party" and such party "received notice of the action" and "knew or should have known" that the action would be brought against her.  Fed. R. Civ. P. 15(c)(1).  None of these apply here.  Fed. R. Civ. P. 15(c)(1)(B) in particular does not apply as it only "applies to an amendment asserting a *claim* or *defense*," and not a claim against a new party.  *Asten v. City of Boulder*, No. 08-CV-00845-PAB-MEH, 2010 WL 5464298, at *5 (D. Colo. Sept. 28, 2010) report and recommendation adopted, No. 08 CV 00845 PAB MEH, 2010 WL 5464297 (D. Colo. Dec. 29, 2010) (emphasis added).  In addition, Fed. R. Civ. P. 15(c)(1)(C) does not apply because there is nothing on the record before the Court indicating that Defendant Harris received some sort of notice that Plaintiff would bring these claims against her.

(dismissal for lack of personal jurisdiction should be without prejudice).

**B.   Defendant City of Lakewood**

Plaintiff alleges that the City violated his constitutional rights when Defendants Kosik, Harris, and Paletta "personally engaged [in the] deprivation of [Plaintiff's] civil rights[.]" *Third Am. Compl.* [#35] at ¶ 8. However, according to the principles of municipal liability, a municipal government "cannot be held liable *solely* because it employs a tortfeasor – or, in other words a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978). In order to be held liable for the allegedly tortious acts of its agents, Plaintiff must show that Defendant City of Lakewood directly caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violations. *Smedley v. Corr. Corp. of Am.,* 175 Fed. App'x. 943, 944 (10th Cir. 2005) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480-85 (1986); *City of Oklahoma v. Tuttle,* 471 U.S. 808, 820 (1985)). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of County Com'rs. v. Brown,* 520 U.S. 397, 404 (1997).

Here, Plaintiff has not identified a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the public entity's officers. *Lankford v. City of Hobart,* 73 F.3d 283, 286 (10th Cir.1996) (internal quotation marks and citation omitted). Rather, Plaintiff has only alleged that the City is liable due to the personal actions of its employees. *Third Am. Compl.* [#35] at ¶ 8. In response, Plaintiff argues that it is Chief Paletta's "failure to properly train, manage, or discipline [his] police force" and that this

"constitute[s] a policy, custom, or practice giving rise [to] municipal liability." *Surreply* [#70] at 2. Plaintiff cites to numerous cases in support, but none of these cases are applicable here. *See id.* at 2-3 (*citing Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119 (2d Cir. 1991); *Mettler v. Whitledge*, 165 F.3d 1197 (8th Cir. 1999); *Redman v. Cty. of San Diego*, 942 F.2d 1435 (9th Cir. 1991); *Chew v. Gates*, 27 F.3d 1432 (9th Cir. 1994)). All of these cases involve allegations of a *routine* failure to train employees or an established training policy. *See, e.g.*, *Chew*, 27 F.3d at 1435 (involving policy of using police dogs to arrest individuals). Further, these cases and others cited by Plaintiff involve facts that are different both in degree and kind. *See, e.g.*, *Redman*, 942 F.2d at 1437 (prisoner who was raped while confined brought action under Section 1983 alleging reckless indifference by prison officials). In contrast, Plaintiff's complaint alleges no such routine or series of actions, nor does the complaint link any policy to the alleged deprivation of civil rights.

Accordingly, the Court **recommends** that Plaintiff's claims against the City be **dismissed with prejudice** for failure to state a claim. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## C.  Defendant Lakewood Police Department

Defendants contend that Plaintiff has failed to sufficiently allege any actions taken by the Police Department that caused the deprivation of his civil rights. *Motion* [#43] at 9. Moreover, Defendants note that the Police Department is not a municipal entity that can be sued. *Id.* at 8.

The Court agrees with Defendants. Courts routinely dismiss Section 1983 claims which name and seek to impose liability directly on municipal and county police departments because police departments are not separate suable entities. *See, e.g.*, *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (dismissing Section 1983 claims because City of Denver Police Department not a separate suable entity), *remanded to consider mootness*, 475 U.S. 1138 (1986), *on remand*, 800 F.2d 230 (10th Cir. 1986); *Boren v. City of Colo. Springs*, 624 F. Supp. 474, 479 (D. Colo. 1985) (holding that city's police department, as merely the vehicle through which city fulfills its policing functions, is not a proper party); *Stratton v. Boston*, 731 F. Supp. 42, 46 (D. Mass. 1989) (dismissing action as against city police department that is not an independent legal entity); *Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 443 (N.D. Ill. 1984) (holding that Chicago Police Department and Cook County Attorney's Office have no legal existence independent of city and county, and therefore cannot be sued).

Therefore, the Court finds that Defendant Lakewood Police Department is not subject to suit under Section 1983, and accordingly **recommends** that Plaintiff's claims against the Police Department be **dismissed with prejudice** pursuant to Fed. R. Civ. P. 12(b)(1). *Gash v. City of Denver*, No. 12-cv-00929-REB-MJW, 2012 WL 3638798 (D. Colo. Aug. 23, 2012) (dismissing claims with prejudice because "plaintiff cannot state viable claims against the Denver Fire Department or Denver Police Department as they are not juridical entities subject to suit").

**D.    Defendant Paletta**

Plaintiff alleges that Defendant Paletta "failed to perform the lawful duty required of

[the Chief of Police]," that he failed "to properly manage and train his police force" and that Defendant Paletta "personally participated" in the violations of Plaintiff's constitutional rights. *Third Am. Compl.* [#35] at ¶ 12.  Defendants argue that Plaintiff's complaint is "devoid of any allegations that show that Chief Palleta [sic] was personally involved in the alleged violation of Plaintiff's civil rights." *Motion* [#43] at 11.  Defendants also contend that Defendant Paletta is entitled to qualified immunity.  *Id.* at 12.  Plaintiff responds that Defendant Kosik and Harris' behavior was "so atrocious in character" and "so extreme in degree and nature" that it amounted to "deliberate indifference."  *Surreply* [#70] at 4.

With respect to the claims against Defendant Paletta in his official capacity, Plaintiff's arguments do nothing to add to the conclusory allegations of the Third Amended Complaint; Plaintiff cannot avoid his obligation to put forth "enough allegations of fact to state a claim to relief that is plausible on its face" by merely describing the alleged actions of Defendants as atrocious and extreme.  *Robbins*, 519 F.3d at 1247 (internal quotation omitted).  As the Court has already stated, Plaintiff has not alleged a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the public entity's officers. *Lankford*, 73 F.3d at 286 (internal quotation marks and citation omitted).

Plaintiff's claims against Defendant Paletta in his individual capacity are also deficient, and set forth no legally cognizable basis for liability.  "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'"  *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When the defense of qualified immunity is raised, the Court must consider whether a plaintiff's factual

allegations demonstrate that the defendant violated a constitutional right and, secondly, whether that constitutional right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.*

Here, Plaintiff has not alleged any actions taken by Defendant Paletta that deprived Plaintiff of his civil rights. Indeed, while Plaintiff names Defendant Paletta in his individual capacity, he reiterates the basis for his claims against Defendant Paletta in his Response as arising from Defendant Paletta's failure to supervise Defendant Kosik and Harris' behavior. *Surreply* [#70] at 4. These allegations simply repeat his argument for municipal liability, which the Court has already considered and rejected.

As such, the Court **recommends** that the claims against Defendant Paletta be **dismissed with prejudice** for failure to state a claim. *See Brereton*, 434 F.3d at 1219.

### E.    Leave to Amend Complaint

Plaintiff requests leave to amend the Complaint for the fourth time, stating that the new pleading relates back to the original pleadings, and that "[a]llowing the Plaintiff to amend pleadings will allow additional meritorious claims to be stated." *Motion for Leave to Amend Pleadings* [#76].

Pursuant to Fed. R. Civ. P. 15(a)(2), the Court has discretion to grant a party leave to amend its pleadings.[7] Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when

---

[7] Normally it is the practice in this District to utilize a two-step analysis pursuant to Rule 16 and Rule 15 when analyzing motions to amend, although the Court of Appeals for the Tenth "[C]ircuit has not yet decided whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' under Rule 16(b) in addition to the Rule 15(a) requirement."

justice so requires."). As the Supreme Court stated:

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although leave to amend is to be freely granted, the liberal amendment principles of Rule 15(a) do not require the court to indulge in futile gestures. Leave to amend need not be granted where the amendments would serve no purpose." *Zerman v. E.F. Hutton & Co., Inc.*, 628 F.Supp. 1509, 1511 (S.D.N.Y. 1986) (citing *Foman*, 371 U.S. 178).

Plaintiff's proposed complaint contains additional claims of "police brutality" and "intentional infliction of emotional distress." *Amended Complaint* [#77] at 5-9. In addition, the proposed complaint also adds more allegations regarding the claims of municipal liability against the City and the constitutional claims asserted against Chief Paletta. *Id.* at 10-11. These proposed amendments are futile. First, the proposed claim of "police brutality" is nothing more than a rephrasing of Plaintiff's second claim from the Third Amended Complaint for use of excessive force – which is not being dismissed here,[8] as Defendants' motion only seeks dismissal of the claims against Defendants City of

---

*Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (10th Cir. 2009) ("Most circuits have held that when a party amends a pleading after a deadline set by a scheduling order, Rule 16 and its 'good cause' standard are implicated." (collecting cases)). However, because Defendants filed dispositive motions early in the litigation, the Court has not entered a scheduling order. Therefore, the Court analyzes this motion pursuant to Rule 15 only.

[8] Should the Court's Recommendation be adopted, the only party remaining would be Defendant Zbigniew Kosik and the claims Plaintiff alleges against him (all in his individual and official capacities) – namely, use of excessive force, violation of due process, violation of equal protection, and deprivation of medical attention. *See generally Third Am. Compl.* [#35].

Lakewood, Lakewood Police Department, and Paletta.  *See generally Motion* [#43].

Second, the proposed claim for intentional infliction of emotional distress against Defendant Kosik is subject to the requirements of the Colorado Governmental Immunity Act ("CGIA"),  Colo. Rev. Stat. § 24-10-101, *et seq.*  Pursuant to the CGIA, "any person bringing a tort claim against the state, a state agency, or a state employee must comply with the notice requirements set forth therein."  *Patrick v. Bank of New York Mellon*, No. 11-cv-01304-REB-MJW, 2012 WL 934288, at *9 (D. Colo. Mar. 1, 2012).  The notice provision requires that:

> Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment, whether or not by a willful and wanton act or omission, shall file a written notice as provided in this section within one hundred eighty days after the date of discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury.  Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

C.R.S. § 24-10-109(1).  Failure to provide the required written notice "operates as a jurisdictional bar to the lawsuit."  *Aspen Orthopaedics & Sports Medicine, LLC, v. Aspen Valley Hospital District*, 353 F.3d 832, 839 (10th Cir. 2003).  Moreover, "a plaintiff must plead compliance with the CGIA's notice provisions in the complaint to avoid dismissal." *Id.* at 840.  Plaintiff does not allege that he has complied with this provision.  Thus, this claim is futile.

Lastly, none of the additional allegations made by Plaintiff with respect to the claims against the City and Chief Paletta would alter the Court's recommendation were the Court to allow these amendments.  Plaintiff states that "[b]oth Defendants . . . have practiced unconstitutional municipal polic[ies] and inactions, systemic failures, [which] are moving

-14-

force [sic] behind the unlawful acts and omissions of its [sic] employees[.]" *Amended Complaint* [#77] at 10. Such conclusory allegations are precisely the type of "naked assertion[s] devoid of further factual enhancement" that fail to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court **recommends** that the Motion for Leave to Amend the Pleadings [#76] be **denied**.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court respectfully **RECOMMENDS** that the Motion [#43] be **GRANTED**, that the Motion for Leave to Amend Pleadings [#76] be **DENIED**, and, additionally, that all claims against Defendant Harris be **DISMISSED** without prejudice.

IT IS **ORDERED** that Plaintiff's Motion for Extension of Time [#68] is **GRANTED**.

IT IS FURTHER **ORDERED** that the following motions are **DENIED** as moot: Plaintiff's Motion to Compel Information [#47], Defendants' Motion to Stay Discovery [#50], Motion to Direct U.S. Marshal's Office to Serve Summons [#72], Motions to Strike Motion to Dismiss [#85, #86], and Motion for Status Update [#89].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

-15-

questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 23, 2016

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge