IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No.   15-cv-00007-RM-KLM

JOSE M. APODACA,

     Plaintiff,

v.

CITY OF LAKEWOOD COLORADO (Municipality),
LAKEWOOD POLICE DEPARTMENT,
KEVIN PALLETA (Chief of Police) in his official capacity,
KEVIN PALLETA, in his individual capacity,
ZBIGNIEW RICHARD KOSIK, Police Officer, in his official capacity,
ZBIGNIEW RICHARD KOSIK, in his individual capacity,
ALICIA HARRIS (Police Officer), in her official capacity, and
ALICIA HARRIS, in her individual capacity,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the February 23, 2016 Order and Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 93) to: (1) grant Defendants City of Lakewood, Colorado (the "City"), the Lakewood Police Department (the "Police Department"), and Kevin Paletta's ("Chief Paletta") (collectively, "Defendants") Motion to Dismiss (the "Motion") (ECF No. 43) filed pursuant to FED. R. CIV. P. 12(b)(6); (2) dismiss all claims against Defendant Alicia Harris for lack of service; and (3) deny Plaintiff's Motion for Leave to Amend Pleadings (the "Motion to Amend") (ECF No. 76).  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation.  (ECF No. 93 at pages 15,

16.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired.  (*See generally* Dkt.)

As no objection has been filed to the Recommendation, the Court may review it for plain or clear error.  *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate.").

**The Failure to Effect Service and the Motion to Dismiss.**  The following dismissals are recommended: (1) dismissal of Defendant Harris without prejudice for lack of service, but under Rule 12(b)(2) for lack of personal jurisdiction; (2) dismissal of Defendant City with prejudice for failure to state a claim under Rule 12(b)(6); (3) dismissal of Defendant Police Department with prejudice, as the Department is not a separate suable entity, for lack of subject matter jurisdiction under Rule 12(b)(1); and (4) dismissal of Defendant Paletta for failure to state a claim under Rule 12(b)(6).   Upon review of the Recommendation, the Court finds the analysis of the recommended bases for dismissal, and whether such dismissals should be with or without prejudice, to be thorough and sound.  However, the Court concludes the dismissal of Defendant Harris for lack of service should be made under Rule 12(b)(5) (insufficient service of process), and not 12(b)(2).[1]  In addition, as shown by the cases cited in support of the recommendation, the Court finds the dismissal of Defendant Police Department – because it is not a separate suable entity – should be under Rule 12(b)(6), and not Rule 12(b)(1).  Accordingly, the Court accepts the

---

[1] To the extent dismissal is also recommended based on the statute of limitations, the Court does not reach this issue as it agrees dismissal is warranted for lack of service.

recommendation of dismissal, but modifies the dismissal of Defendants Harris and the Police Department accordingly.

**The Motion to Amend.**  The Magistrate Judge also recommends denial of Plaintiff's request to amend, based on a finding of futility.[2]  The Court agrees; but modifies the reasoning as to Defendant Kosik only, as it rejects the basis given in the Recommendation.[3]

Plaintiff sought to amend the claim as to Officer Kosik to include a claim for intentional (or negligent) infliction of emotional distress, a tort claim.  The recommended basis for denial of leave to amend is futility, for Plaintiff's failure to allege compliance with the notice provisions under the Colorado Governmental Immunity Act ("CGIA").  That issue, however, was not raised by Defendants or Officer Kosik; therefore, it was not one which Plaintiff had an opportunity to address.[4]  Moreover, even though his proposed Complaint did not so allege, Plaintiff's Reply stated he gave a Notice of Intent to sue under C.R.S. § 24-10-109 to "the Defendants."  (ECF No. 83, page 5.)  And, even a cursory review of the prior complaints – including the operative Complaint which Plaintiff sought to amend – shows support for the contention that some notice under the CGIA was given, the sufficiency of which the Court need not address at this time as it was not challenged by Officer Kosik.  *See* ECF No. 1, pages 14-17 ("Notice of Action" under "CRSA 24-10-109," dated June 15, 2013); No. 7, page 4 ("(Immunity partial waiver) C.R.S.A

---

[2] As no scheduling order has been entered, the Recommendation properly analyzes the request to amend under Rule 15. If, however, the request had been made after a scheduling order was entered, an analysis under Rules 15 and 16 would have been required.  *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014); *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

[3] Although not specifically addressed in the Recommendation (as it appears no claim is pled), to the extent Plaintiff sought to amend his complaint as against Defendant Police Department, the Court's *de novo* review of the proposed amendment shows any amendment would have been futile.  First, because Plaintiff failed to state any claim against this defendant.  Secondly, as the Recommendation found in the first instance, because this defendant is not an entity capable of being sued.

[4] This issue may be raised by a court *sua sponte*, but the parties should generally be afforded an opportunity to address the issue.  *See Aspen Ortho. & Sports Med., LLC v. Aspen Valley*, 353 F.3d 832, 838, 842 (10th Cir. 2003).

§ 24-10-106", page 11 "C.R.S. 24 10 109 (Partial Waiver)"); and No. 35, pages 18-22 ("Notice of Action" under "CRSA 24-10-109").[5]

Officer Kosik (and Defendants) opposed the amendment on a different basis. These parties argued that, in the proposed Prisoner Complaint, Officer Kosik is sued in his official capacity (rather than individually, or both) and, accordingly, sovereign immunity under the CGIA applied for which no statutorily waiver has been alleged, citing C.R.S. § 24-10-106(1)((a)-(h). *Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 652 (Colo. App. 2006) ("If the action is determined to be against the [officer] in his official capacity, it is effectively an action against his office, and the immunity principles applicable to suits against the state or against public entities apply."). In response, Plaintiff did not argue to the contrary, even though his proposed amended Prisoner Complaint alleged Officer Kosik is sued in his individual and official capacity. On this record, the Court agrees that Plaintiff's proposed tort claim against Officer Kosik would be barred by the CGIA, but on the basis as argued by Officer Kosik and Defendants.[6] Therefore, any amendment to add such a claim would be futile.

In accordance with the foregoing, the Court:

(1) **ACCEPTS IN PART** and **REJECTS IN PART** the Order and Recommendation of United States Magistrate Judge (ECF No. 93), and **ADOPTS** the Order and Recommendation of United States Magistrate Judge **but as MODIFIED herein**;

(2) **GRANTS** Defendants City of Lakewood, Colorado, the Lakewood Police Department, and Kevin Paletta's Motion to Dismiss (ECF No. 43), and dismisses these Defendants **with prejudice**;

---

[5] Plaintiff did not file any objections to the Recommendation, and the Court does not – and should not – act as Plaintiff's advocate, even though he proceeds *pro se*. Nonetheless, in conducting its plain or clear error review on some issues, the Court does not wear blinders to matters which are plainly evident as it relates to other issues.
[6] The Court also notes that ECF No. 7, the second complaint filed in this case, specifically referenced § 24-10-106, covering immunity of public entities, as opposed to public employees.

(3) **DISMISSES** Defendant Alicia Harris **without prejudice**;

(4) **DENIES** Plaintiff's Motion to Amend Pleadings (ECF No. 76); and

(5) **ORDERS** that the names of Defendants City of Lakewood, Colorado, the Lakewood Police Department, Kevin Paletta, and Alicia Harris shall be removed from the caption in all future filings with the court, leaving Zbigniew Richard Kosik as the only remaining defendant.

DATED this 22nd day of March, 2016.

BY THE COURT:

_____

RAYMOND P. MOORE
United States District Judge